**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Macho Joe Williams,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-00349-TUC-RM<br><br>**ORDER** |

On July 15, 2019, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") (Doc. 20), recommending that this Court deny Petitioner Macho Joe Williams's ("Petitioner") Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1). Petitioner filed an Objection to the R&R on July 31, 2019. (Doc. 22.) Respondents did not file a response to Petitioner's Objection.

**I.  Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition.

*See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## II. Background

In 2012, Petitioner was sentenced in Pima County Superior Court to an aggregate term of 51.5 years for "three counts of aggravated assault, two counts of kidnapping, and one count each of armed robbery, aggravated robbery, and weapons misconduct" after he, along with two co-defendants, was convicted of robbing a dry cleaner. (Doc. 16-3 at 95.) On direct appeal, he argued that the trial court erred "by denying his motions to sever and by failing to discharge a co-defendant's attorney who had previously represented Williams." (*Id*. at 67–78, 95.) He also argued that the evidence was insufficient to support his convictions. (*Id*.) On December 23, 2013, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences but vacated his criminal restitution order. (*Id*. at 95–105.)

Petitioner filed a petition for post-conviction relief on June 10, 2015. (Doc. 16-3 at 114.) He argued that the trial court erred by running some sentences consecutive to others in violation of A.R.S. § 13-116. (*Id*. at 119.) He also argued that his prior counsel was ineffective "for failing to object to and raise the issue [of] sentencing error…" (*Id*. at 119.) The trial court granted relief in part, finding that the sentence for aggravated assault should run concurrently, not consecutively, to the sentences for armed robbery and aggravated robbery. (Doc. 16-4 at 75.) Defendant was resentenced thereafter. (*Id*. at 78–90.)

Petitioner filed a petition for review of the trial court's post-conviction relief order on October 31, 2016. (Doc. 16-4 at 92.) The Court of Appeals granted review but denied relief on February 8, 2017 (*Id*. at 148–153.) The Arizona Supreme Court denied review on September 12, 2017. (*Id*. at 155.)

In his timely § 2254 petition, filed on July 19, 2018,[1] Petitioner alleges four grounds for relief. (Doc. 1.) First, he claims (a) the trial court violated his constitutional rights by failing to sever his case from his co-defendant's and (b) failing to discharge his co-defendant's counsel on the grounds of a conflict of interest. (Doc. 1 at 6.) Second, Petitioner claims that his trial counsel was ineffective for various reasons, including a) failing to object to a false statement that a detective made to the grand jury, (b) failing to have his case severed from his co-defendant's or have his co-defendant's attorney removed, (c) failing to object to antagonistic defenses, and (d) failing to object to errors in sentencing. (*Id.* at 7.) Third, Petitioner claims that a detective lied to the grand jury that indicted him. (*Id.* at 8.) Fourth, Petitioner argues that there was insufficient evidence to support his convictions and sentences. (*Id.* at 9.)

In the R&R, Magistrate Judge Bowman recommends that this Court deny the § 2254 Petition on the grounds that Petitioner's "claims are procedurally defaulted or not cognizable." (Doc. 20 at 1.) The R&R finds that Claim 1(a)—that the trial court failed to protect Petitioner's constitutional rights by failing to sever his case from his co-defendants' cases—is procedurally defaulted because the Arizona Court of Appeals found it waived on direct appeal. (*Id.* at 5–6.) The R&R finds that Claim 1(b)—that the trial court failed to protect Petitioner's constitutional rights by failing to discharge his co-defendant's attorney on the grounds of a conflict of interest—is procedurally defaulted for the same reason. (*Id.* at 6.) The R&R further finds that these claims are not among those that would fall into the "sufficient constitutional magnitude" exception to the general waiver rule, and that Petitioner has not established cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of the claims. (*Id.* at 6-7.)

The R&R finds that Claim 2 is procedurally defaulted because Petitioner did not raise the asserted ineffective-assistance-of-counsel arguments to the Arizona Court of Appeals, he cannot now return to state court to raise the claims in a new post-conviction relief petition, and he fails to demonstrate cause and prejudice or a miscarriage of justice.

---

[1] Respondents concede that Petitioner's § 2254 Petition is timely. (*See* Doc. 16 at 6-8.)

(*Id*. at 8.) The R&R finds that Claim 3—that a detective lied to the grand jury—is not cognizable in a habeas proceeding because Petitioner does not claim that the alleged lie "violated the Constitution or laws or treaties of the United States." (*Id*. at 9.)

Finally, the R&R finds that Claim 4 alleging insufficient evidence is unexhausted because, although Petitioner raised the issue to the Arizona Court of Appeals, he did not notify the court that he was raising a federal constitutional claim. (*Id*.) The R&R further finds that the claim is procedurally defaulted because Petitioner cannot now return to state court to properly present the claim, and that the procedural default cannot be excused because Petitioner fails to demonstrate cause and prejudice or a miscarriage of justice. (*Id*.) The R&R alternatively finds that Claim 4 fails on the merits. (*Id*. at 9–10.)

In his Objection to the R&R, Petitioner argues that: (1) the trial court violated his rights by failing to remove his co-defendant's counsel due to a conflict of interest (Doc. 22 at 2); (2) the trial court should have ordered a severance of his trial (*id*.); (3) his trial counsel was ineffective (*id.* at 3); and (4) his appellate counsel was ineffective (*id*.). He requests that "a complete review of his entire case be made." (*Id*.)

### III. Applicable Law

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal habeas claims are subject to the "exhaustion rule," which requires that the factual and legal basis of a claim be presented first to the state court. 28 U.S.C. § 2254(b)(1)(A); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). If the petitioner

is in custody as a result of a judgment imposed by the State of Arizona, and the case does not involve a life sentence or the death penalty, he must fairly present his claims to the Arizona Court of Appeals to satisfy the exhaustion requirement. *See Castillo v. McFadden*, 399 F.3d 993, 998–99 (9th Cir. 2005); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). If state remedies have not been properly exhausted, the petition will normally be denied. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).

A petitioner does not satisfy the exhaustion requirement by merely presenting the state court with the facts necessary to state a claim for relief, or by asserting a general constitutional protection such as due process. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996). And it is not enough that a "somewhat similar" state law claim was raised below. *Duncan v. Henry*, 513 U.S. 364, 366 (1995). Rather, the petitioner must identify the federal nature of the claim to the state court, by citing federal law or precedent, in order to exhaust the claim for purposes of federal habeas review. *See Baldwin v. Reese*, 541 U.S. 27, 32–33 (2004).

A federal habeas court generally may not review a claim that a state court has denied based upon an "independent and adequate" state ground. *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). The state ground must be independent of federal law and "well-established and consistently applied." *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003). Arizona's preclusion rule, Ariz. R. Crim. P. 32.2(a), is an independent and adequate state ground and its application, either directly to a claim by an Arizona court or its operation to preclude a return to state court to exhaust a claim, procedurally bars review on the merits by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860, (2002). Additionally, Arizona's time bar under Ariz. R. Crim. P. 32.4 is an independent and adequate state ground that makes return to state court futile and bars federal habeas review. *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997).

A claim is "procedurally defaulted" if a state court declines to address the claim on its merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir.

2002). Procedural default can be based on either an express or implied procedural bar at the state level. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). If a state court expressly applied a procedural bar, and that state procedural bar is both independent and adequate, a federal habeas court cannot review the claim on the merits. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). If a state court applied a procedural bar but then alternatively addressed the merits of the claim, the claim is still barred from federal habeas review. *See Harris v. Reed*, 489 U.S. 155, 264 n. 10 (1989). "Fundamental error review does not prevent subsequent procedural preclusion." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996). Furthermore, a federal court may apply procedural default to unexhausted claims where state procedural rules bar a return to state court to assert the claim. *Coleman*, 501 U.S. at 735 n.1.

"Procedural default is excused if 'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). To establish "cause," a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Coleman*, 501 U.S. at 753. To establish "prejudice," a petitioner must demonstrate actual, not possible, harm resulting from the alleged violation. *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A "fundamental miscarriage of justice" occurs when a petitioner proves by clear and convincing evidence that no reasonable fact-finder would have found him guilty beyond a reasonable doubt, thereby demonstrating factual innocence. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995).

A federal habeas court cannot "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 63 (1991). "A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

. . . .

. . . .

## IV. Discussion

### A. Claim 1

In Claim 1(a), Petitioner argues that the trial court failed to protect his constitutional rights by not severing his case from his co-defendant's case. (Doc. 1 at 6.) This claim was raised on direct appeal, and the Arizona Court of Appeals found that it had been waived. (Doc. 16-3 at 74–75, 98–9.) The Arizona Court of Appeals went on to analyze the claim for fundamental error and found none. (*Id.* at 99–102.) The R&R finds that Claim 1(a) is procedurally defaulted and that the Arizona Court of Appeals' fundamental-error analysis does not nullify the procedural bar. (Doc. 20 at 5–6.) In his Objection to the R&R, Petitioner argues the merits of Claim 1(a), but does not raise any specific arguments concerning the R&R's finding of procedural default. (Doc. 22 at 2.)

In Claim 1(b), Petitioner argues that the trial court failed to protect his constitutional rights by failing to discharge his co-defendant's attorney on the grounds of a conflict of interest. (Doc. 1 at 6.) This claim was raised on direct appeal, and the Arizona Court of Appeals found that it had been waived. (Doc. 16-3 at 75-77, 102.) The Arizona Court of Appeals then analyzed the claim for fundamental error and found none. (*Id.*) The R&R finds that Claim 1(b) is procedurally defaulted. (Doc. 20 at 6.) Petitioner's Objection argues the merits of the claim but does not raise any specific arguments concerning the R&R's finding of procedural default. (Doc. 22 at 2.)

As noted in the R&R, Petitioner argues in his reply brief that waiver does not apply to claims of "sufficient constitutional magnitude." (Doc. 19 at 3-4; *see also* Doc. 20 at 7-8.) In *Cassett v. Stewart*, the Ninth Circuit reversed a finding of procedural default, noting that a claim of "sufficient constitutional magnitude" can only be waived "knowingly, intelligently, and voluntarily," and that the district court had failed to consider this exception. 406 F.3d 614, 620-22 (9th Cir. 2005). However, as the R&R finds, the *Cassett* exception does not apply here because the Arizona Court of Appeals expressly applied waiver to Petitioner's claim and this Court is bound by the state court's ruling. *Bradshaw*, 546 U.S. at 76.

Because Petitioner's Objection does not raise any specific arguments concerning the R&R's finding that Claims 1(a) and 1(b) are procedurally defaulted, clear-error review is appropriate. Even if the Court were to review this portion of the R&R de novo, the Court agrees with the findings and recommendations of Judge Bowman. Claims 1(a) and 1(b) are procedurally defaulted.

### B.  Claim 2

In Claim 2, Petitioner argues that his trial counsel was ineffective for various reasons. (Doc. 1 at 7.) The R&R finds that none of the asserted ineffective-assistance-of-counsel claims are properly exhausted. (Doc. 20 at 8.) Petitioner states in his petition that he raised his ineffective-assistance-of-counsel claims on direct appeal. However, on direct appeal, Petitioner raised only the issues of severance, conflict of interest, and sufficiency of the evidence. (Doc. 16-3 at 67–78.) In his petition for post-conviction relief, Petitioner argued that trial counsel was ineffective for failing to object to sentencing errors (*id.* at 114-128), but he did not raise that argument in his petition for review with the Arizona Court of Appeals (Doc. 16-4 at 93), and he cannot do so now. *See* Ariz. R. Crim. P. 32.9(c).

Petitioner's Objection to the R&R argues the merits of Claim 2 but does not raise any specific arguments concerning the R&R's procedural default finding. Accordingly, clear-error review of this portion of the R&R is appropriate. Even if the Court were to review this portion of the R&R de novo, the Court agrees with the findings and recommendations of Judge Bowman.  Claim 2 is procedurally defaulted.

### C.  Claim 3

In Claim 3, Petitioner argues that Detective Hunt lied to the Grand Jury about Petitioner admitting to the crimes. (Doc. 1 at 8.) The R&R finds that this claim is not cognizable in a habeas corpus proceeding because Petitioner does not claim that the alleged lie violated the federal Constitution or any federal law or treaty. (Doc. 20 at 9.) Petitioner does not object to this finding. (*See* Doc. 22.) The Court has reviewed this portion of the R&R for clear error and has found none.

. . . .

### D. Claim 4

In Claim 4, Petitioner argues that the evidence presented at trial was insufficient to prove that he committed the crimes of which he was convicted. (Doc. 1 at 9.) Specifically, he claims that there was no evidence linking him to the scene of the crime or showing that he possessed the weapon, and that an eyewitness was unable to identify him. (*Id.*) The R&R finds that this claim is unexhausted because Petitioner failed to alert the state courts that he was raising a federal constitutional claim; that the claim is procedurally defaulted because Petitioner cannot now return to state court to properly exhaust the claim; and that Petitioner fails to show cause and prejudice or a miscarriage of justice to excuse the procedural default. (Doc. 20 at 9.) The R&R alternatively finds that the claim fails on the merits. (*Id.* at 9-10.) Petitioner does not object to the R&R's findings regarding this claim. (Doc. 22.) The Court has reviewed this portion of the R&R for clear error and has found none. Claim 4 is procedurally defaulted and, alternatively, can be denied on the merits.

### E. Petitioner's objection concerning ineffective assistance of appellate counsel

Petitioner objects that his "appeal attorney failed as well." (Doc. 22 at 3.) This argument was not raised in the § 2254 Petition. (Doc. 1 at 6–9). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638–9 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). This argument is waived for failure to raise it in the § 2254 Petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Doc. 22) is **overruled**. The Report and Recommendation (Doc. 20) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Petitioner's § 2254 Petition (Doc. 1) is **denied**. The Clerk of Court is directed to enter judgment accordingly and close this case.

. . . .

. . . .

1 **IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 30th day of September, 2019.

_____
Honorable Rosemary Márquez
United States District Judge