**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Macho Joe Williams, | No. CV-18-00349-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Macho Joe Williams' "Request for Extension of Time to File" Appeal. (Doc. 25.) On September 30, 2019, the Court entered judgment for Defendants and against Petitioner on Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. 24.) Petitioner filed a Notice of Appeal with the Ninth Circuit Court of Appeals on November 19, 2019. (Doc. 25.) The Notice of Appeal also contained a Motion for Extension of Time to File Appeal. (*Id*.) On December 23, 2019, the Ninth Circuit Court of Appeals remanded Petitioner's case to this Court for the limited purpose of ruling on the November 19, 2019 request for extension of time. (Doc. 27.)

A habeas corpus action is considered a civil matter and an appeal from a dismissal of an application for writ of habeas corpus is subject to the time requirements applicable in civil appeals generally. *Pettibone v. Cupp*, 666 F.2d 333, 334 (9th. Cir. 1981). In a civil case not involving the United States as a party, a notice of appeal must be filed with

the district clerk within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A).[1] This 30-day limit is mandatory and jurisdictional. *Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 264 (1978). The notice of appeal must: "(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice. . . (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1).

Federal Rule of Appellate Procedure 4(a)(5) governs motions for extension of time to file a notice of appeal. The Rule provides that the district court may extend the time to file a notice of appeal if (1) a party moves for the extension no more than 30 days after the time to file the notice of appeal has expired; and (2) the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). If the party files a motion for extension of time after the expiration of time prescribed for appeal by Fed. R. App. P. 4(a)(1)—in this case, 30 days—then the party must show excusable neglect. *See Oregon v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir. 1982).

Petitioner's Motion for Extension of Time, filed on November 19, 2019, is timely because it was filed within 30 days after the time to file the notice of appeal had expired. Fed. R. App. P. 4(a)(5). The Court entered judgment on September 30, 2019. (Doc. 24.) Thus, Petitioner had until October 30, 2019 to file a notice of appeal, and until November 29, 2019 to file a motion for extension of time. There is no question that Petitioner filed an untimely notice of appeal and a timely motion for extension of time. Because Petitioner has met the timeliness requirement for a motion for extension of time, the issue before the Court is whether Petitioner has shown "excusable neglect" to warrant an extension.

In the Ninth Circuit, "the determination of whether neglect is 'excusable' is ultimately an equitable one, taking into account all the relevant circumstances surrounding the party's omission." *Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir.

---

[1] The time provided for the filing of a notice of appeal can vary depending on the parties in the case and whether any post-trial motions were filed. See Fed. R. App. P. 4(a)(1)(B), (a)(4), (c). In this case Petitioner had 30 days from the date of entry of judgment to file his notice of appeal, which would therefore have been due on October 30, 2019.

1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Some of the circumstances the court should consider include: (1) the danger of prejudice to the non-movant; (2) the length of delay and its potential impact upon judicial proceedings; (3) the reason for the delay and whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith. *See Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009); *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Excusable neglect can include late filings caused by negligence, inadvertent mistake, or carelessness. *Pioneer Inv. Servs. Co.*, 507 U.S. at 388, 394–95.

In his four-page motion, Petitioner presents the substantive arguments he intends to raise on appeal. (Doc. 25 at 1–3.) In support of his request for an extension of time, Petitioner states that "it took nearly four weeks to gain access to the Rules of the Ninth Circuit Court." (*Id.* at 3.) Petitioner also asserts that he provided a notice of appeal to prison officials on October 9, 2019. (*Id.* at 1.) That notice of appeal was never docketed or filed. Petitioner's other arguments, including that he is indigent, "has no access to case law," and lacks "legal knowledge to argue this appeal," relate to his request for appointment of counsel. (*Id.* at 3–4.)

The Court finds that Petitioner has shown excusable neglect warranting an extension of time in which to file a notice of appeal. Although lack of access to prison library materials would not have prevented Petitioner from filing a notice of appeal, without access to the Appellate Rules he may not have been aware of the thirty-day deadline in which to do so. Furthermore, Petitioner's notice of appeal would have been timely if, as Petitioner asserts, it was provided to prison officials for mailing on October 9, 2019. Here, the length of delay in filing the instant notice of appeal was brief—just 20 days after the 30-day deadline—and therefore will have minimal impact on judicial proceedings. Petitioner's asserted reasons for the delay, a lack of access to prison library materials and a lost notice of appeal, are reasonable and were not within Petitioner's control. Finally, there is no indication that Petitioner has not acted in good faith.

Although some prejudice to the non-movant Defendants may result, the Court does not find that that factor outweighs the other factors that support granting the request for an extension of time.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Extension of Time to File a Notice of Appeal (Doc. 25) is **granted**. The Clerk of Court is directed to send a copy of this Order to the Ninth Circuit Court of Appeals.

Dated this 10th day of January, 2020.

Honorable Rosemary Márquez
United States District Judge